UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SCOTT SALSBURY and
DEBRA SALSBURY,

          Plaintiff,

v.

M.R.S. ASSOCIATES, INC.
d/b/a M.R.S. ASSOCIATES INC. OF NEW
JERSEY, a New Jersey corporation,

          Defendant.

Case No. 2:13-cv-10266
Hon. Denise Page Hood
Mag. Michael J. Hluchaniuk

### STIPULATED PROTECTIVE ORDER

Plaintiffs, Scott Salsbury and Debra Salsbury and Defendant M.R.S. Associates, Inc., hereby stipulate and agree as follows:

1. This Confidentiality Agreement ("Agreement") shall govern all documents, information, or other materials produced by parties or non-parties to this action, which are properly designated as confidential.

2. Any party or non-party shall have the right to designate as confidential all documents, information, or other materials ("Confidential Information") by clearly making the same as "Confidential" or utilizing other comparable language.

3. Information designated as Confidential shall not be disclosed to anyone other than the following:

    a. counsel of record for any party in this action;

    b. paralegal, stenographic, clerical, or other employees of counsel of record in this action;

    c. court reporters and their employees engaged to record and transcribe testimony in this action;

    d. independent experts and consultants employed by counsel of record in this action to assist in the preparation or trial of this action;

    e. directors, officers, and employees of any party in this action to the extent that disclosure of confidential information is necessary with respect to the legal advice rendered;

    f. any witness from whom testimony is being taken during the course of his or her testimony or during the preparation thereof provided that such witness may not retain any

    confidential information; and

    g. the Court and employees of the Court.

  4. Information designated as confidential shall not be disclosed to persons specified in 3(d), (e), and (f) until such persons have signed a confidentiality agreement, agreeing to be bound by the terms and conditions of this Order. If an individual who may be disclosed information under Section 3(d), (e), and (f) is an employee of a party, a signed confidentiality agreement is not necessary. However, the employee must be made aware that the information is subject to a confidentiality agreement and the employee, through his employment with the party, is bound by the confidentiality agreement.

  5. Information designated as confidential shall not be used or disclosed in any manner except for the exclusive purpose of this action. Any person who may be entitled to receive, or who are afforded access to information designated as confidential shall neither use nor disclose the same for purposes of business or competition, or any purpose other than the preparation for and the conduct of this action, and then solely as contemplated herein, and shall take those precautions that are necessary to keep the information secure in accordance with this Stipulation.

  6. In the event any party intends to use or uses confidential information in testimony, exhibits, discovery or discovery responses, cross-examination, briefs or any other pleading or document to be filed in this proceeding, the following shall apply:

    a. Discovery, exhibits, testimony, briefs or other pleadings containing the information claimed to be confidential shall be filed under seal by the party preparing and using the same in sealed envelopes which shall be prominently marked with the legend "CONFIDENTIAL." The complete document containing the protected material shall not be filed in the public record.

    b. The pages of the documents that contain information claimed to be confidential shall be clearly marked.

  7. Any party may object to the designation of information as confidential by serving written notice of objection on all parties, specifying the information to which the objection is made. The party objecting to the information as confidential shall file a motion with respect to the confidential designation within 20 days after receipt of the confidential materials. The party asserting the confidential designation shall thereafter be allowed 10 days to respond. In the event that an appropriate motion is filed the disputed information shall remain confidential pending resolution by the Court.

  8. Upon the final disposition of this action, unless otherwise agreed in writing by counsel of record, each party or other person shall return or destroy all information designated as confidential, including all copies of the same, upon the request of the designating party. Notwithstanding the foregoing, counsel of record may retain and use such information as is reasonably necessary to respond to future licensing inquiries or professional liability claims or as required to comply with a Court Order.

  9. This Stipulation shall not restrict the right or ability to disclose of any party to this action with respect to its own information.

10. This Stipulation shall be effective immediately.

**IT IS SO ORDERED.**

                                                s/ Denise Page Hood
                                                Denise Page Hood
                                                District Court Judge

*Approved for entry:*

| /s/ Gary D. Nitzkin (w/consent) | /s/ Charity A. Olson |
|---|---|
| GARY D. NITZKIN (P41155) | CHARITY A. OLSON (P68295) |
| TRAVIS SHACKELFORD (P68710) | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 22142 West Nine Mile Rd. | 106 E. Liberty, Suite 303 |
| Southfield, MI 48033 | Ann Arbor, MI 48104 |
| Tel: (248) 353-2882 | Tel: (734) 222-5179 |
| Fax: (248) 353-4840 | Fax: 866-941-8712 |
| gnitzkin@creditor-law.com | colson@olsonlawpc.com |

Dated: June 24, 2013